# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Gartharee Hinson, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>South Carolina Department of )<br>Corrections; Warden Aaron Joyner, )<br>Lee Correctional Institution; and )<br>Uniqeqa Akeema James, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 1:20-cv-2094-TMC<br><br>**ORDER** |

Plaintiff Gartharee Hinson, a state prisoner who is represented by counsel, filed this action in state court based on an alleged assault he suffered at the hands of other inmates, asserting (1) a state law claim against Defendant South Carolina Department of Corrections under the South Carolina Tort Claims Act and (2) a federal civil rights claim against individual Defendants Aaron Joyner and Uniqeqa Akeema James pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). Defendants removed the action to federal court (ECF No. 1), and it was referred to a magistrate judge in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

Plaintiff has now filed a voluntary stipulation of dismissal as to his federal claims against the individual defendants. (ECF No. 9). Plaintiff requests, with Defendants' consent, dismissal of his federal claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(2) without prejudice. *Id*. Additionally, because dismissal of the federal claims would leave only state law claims pending before the court, Plaintiff seeks an order remanding this action to the Richland County Court of Common Pleas. *Id*. Defendants take no position on the issue of remand. *Id*. On August 12, 2020, the magistrate judge issued a Report and Recommendation ("Report") recommending that the

court decline to exercise supplemental jurisdiction over the sole remaining claim which arises under state law. (ECF No. 10 at 4). The parties were advised of their right to file objections to the Report. *Id*. at 5. However, no party has filed objections to the Report, and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court **ADOPTS** the magistrate judge's Report (ECF No. 10) and incorporates it herein. Accordingly, Plaintiff's federal claims set forth in his second cause of action (ECF No. 1-1 at 6–8) are hereby **DISMISSED without prejudice.** Furthermore, pursuant to 28 U.S.C.A. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim set forth in his first cause of action and **REMANDS** it to the Richland County Court of Common Pleas. To the extent there are

pending dispositive motions (ECF Nos. 7, 8), those motions are **DENIED AS MOOT** *as to the federal claims* which are dismissed by this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
September 3, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.